# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Jane Doe, et al.,                                          Civil No. 08-1198 (DWF/AJB)

               Plaintiffs,

v.                                                         **MEMORANDUM**
                                                           **OPINION AND ORDER**

Dr. Albert Tsai, et al.,

               Defendants.

---

Jill Clark, Esq., Jill Clark, PA, counsel for Plaintiffs.

Barbara A. Zurek, Esq., Melissa Dosick Riethof, Esq., and Amy L. Maddox, Esq., Meagher & Geer, PLLP, counsel for Defendants Dr. Albert Tsai and Marjorie Hogan.

Michael B. Miller, Assistant Hennepin County Attorney, Hennepin County Attorney's Office, counsel for Defendants Sherrie Murphy, Laura Hauser and Hennepin County Medical Center.

Tracey L. Fussy, Assistant City Attorney, Minneapolis City Attorney's Office, counsel for Defendant Sergeant Chris Pickhardt.

---

# INTRODUCTION

This case is before the Court on the motions of Defendants Dr. Albert Tsai, Marjorie Hogan, Sherrie Murphy, Laura Hauser and Hennepin County Medical Center ("Defendants") to dismiss the Complaint filed by Plaintiffs Jane Doe, John Doe, P.T. and N.T. ("Plaintiffs"). For the reasons set forth below, the Court denies the motions.

**BACKGROUND**

Plaintiffs allege that Jane Doe, a minor female child, was sedated and subjected to an involuntary gynecological and rectal exam without the consent of her parent or guardian.[1]  Plaintiffs allege that Defendants Tsai, Murphy, Hogan and Hauser, who are doctors and nurses, all played some role in this event acting in concert with an officer of the Minneapolis Police Department.  Plaintiffs allege this involuntary examination took place at Hennepin County Medical Center ("HCMC").  Plaintiffs' Complaint alleges that the Defendants' actions violated 42 U.S.C. § 1983 and constituted intentional infliction of emotional distress.

Defendants have moved to dismiss Plaintiffs' Complaint because Plaintiffs did not serve an affidavit of expert review pursuant to Minnesota Statute section 145.682.  According to Defendants, Plaintiffs' Complaint alleges medical malpractice and the failure to file an affidavit of expert review within the statutory time frame mandates dismissal of the Complaint.

Plaintiffs counter that their allegations do not sound in medical malpractice and that an affidavit of expert review is not required in this case.  Plaintiffs urge the Court to deny the motion.

---

[1]     Jane Doe's age is not firmly established in the record.  According to the Complaint, Jane Doe was "around age 13."  (Doc. No. 1 ¶ 13.)  Defendants Hauser, Murphy, and HCMC suggest that Jane Doe was ten years old.  (Doc. No. 50 at 5.)  It is undisputed that Jane Doe is a minor.

**DISCUSSION**

Minnesota law requires that an affidavit of expert review be filed in any case in which a party alleges "malpractice, error, mistake, or failure to cure, whether based on contract or tort, against a health care provider which includes a cause of action as to which expert testimony is necessary to establish a prima facie case."  Minn. Stat. § 145.682, subd. 2.  The plaintiff's attorney must serve the affidavit with the summons and complaint stating that:

> (a)  the facts of the case have been reviewed by the plaintiff's attorney with an expert whose qualifications provide a reasonable expectation that the expert's opinions could be admissible at trial and that, in the opinion of this expert, one or more defendants deviated from the applicable standard of care and by that action caused injury to the plaintiff; or
>
> (b)  the expert review required by paragraph (a) could not reasonably be obtained before the action was commenced because of the applicable statute of limitations.[2]

Minn. Stat. § 145.682, subd. 3.  If a plaintiff fails provide the an affidavit of expert review within sixty days after a demand, the defendant may move for and obtain mandatory dismissal with prejudice as to each cause of action for which expert testimony is necessary to establish a prima facie case.  Minn. Stat. § 145.682, subd. 6.

The Minnesota legislature enacted Minnesota Statute section 145.682 as a means to identify meritless lawsuits at an early stage of litigation.  *Broehm v. Mayo Clinic Rochester*, 690 N.W.2d 721, 725 (Minn. 2005).  The statute is intended to "encourage parties to bring motions to dismiss early in the proceedings in order either to eliminate

---

[2]    When a plaintiff serves an affidavit pursuant to subdivision 3(b), the plaintiff has ninety days after service of the summons and complaint to serve the affidavit required by subdivision 3(a).

frivolous lawsuits or to give the plaintiff an opportunity to cure any defects prior to trial." *Maudsley v. Pederson*, 676 N.W.2d 8, 12 (Minn. Ct. App. 2004).

Minnesota courts have defined medical malpractice broadly to include claims arising in medical diagnosis, care, and treatment, and those arising from a health professional's acts engaged in pursuant to his or her professional licensure. *D.A.B. v. Brown,* 570 N.W.2d 168, 171 (Minn. Ct. App. 1997); *Kaiser v. Mem'l Blood Ctr. of Minneapolis, Inc.*, 486 N.W.2d 762, 767 (Minn. 1992). Expert testimony is required in most medical malpractice cases because such cases often "involve complex issues of science or technology, requiring expert testimony to assist the jury in determining liability." *Tousignant v. St. Louis County, Minn.,* 615 N.W.2d 53, 58 (Minn. 2000).

There is a limited exception which applies when the "acts or omissions complained of are within the general knowledge and experience of lay persons." *Atwater Creamery Co. v. W. Nat'l Mut. Ins. Co.,* 366 N.W.2d 271, 279 (Minn. 1985). Medical malpractice cases in which expert testimony is not required are rare, however. *Sorenson v. St. Paul Ramsey Med. Ctr.*, 457 N.W.2d 188, 191 (Minn. 1990); *see also Haile v. Sutherland,* 598 N.W.2d 424, 428 (Minn. Ct. App. 1999) (stating that "expert testimony is necessary to support all but the most obvious medical malpractice claims"); *Hestbeck v. Hennepin County,* 212 N.W.2d 361, 365 (1973) (holding that malpractice claim resulting from physician's failure to retrieve sponge from patient's body during surgery did not need to be supported by expert testimony); *Chizmadia v. Smiley's Point Clinic,* 768 F. Supp. 266, 271 (D. Minn. 1991) (the limited exception is applied "in the simplest of fact situations, such as when metal clips or a sponge have been left in the body after

surgery or a dentist's grinding disc has slipped and cut membranes and tissues at the base of the tongue.").

What matters in analyzing whether an expert affidavit is required is not how the plaintiff styles his or her claim, but whether the claim is, in essence, one for medical malpractice that requires expert testimony to establish a prima facie case.  Thus, in *D.A.B. v. Brown*, the court held that an allegation that a doctor breached his fiduciary duty by prescribing a drug while he was a participant in a kickback scheme related to that drug sounded in medical malpractice because the allegation "presented a classic informed consent issue."  570 N.W.2d at 171.  Similarly, a negligent nondisclosure claim is considered malpractice.  *Paulos v. Johnson*, 502 N.W.2d 397, 400 (Minn. Ct. App. 1993).

Defendants Tsai, Hogan, Murphy, and Hauser contend that they performed an examination of Jane Doe pursuant to their professional licensure.  Defendants argue that Plaintiffs' claims regarding their actions, notwithstanding that the claims are not characterized as medical malpractice claims, fall well within the broad definition of medical malpractice established by Minnesota courts.  Defendants contend that Plaintiffs were required to file an affidavit of expert review within the time provided by the statute and Plaintiffs failure to do so requires this Court to dismiss the Complaint.

Plaintiffs, however, argue that their allegations are not medical malpractice claims. Plaintiffs argue that they have not alleged that the Defendants negligently performed an examination, failed to diagnose a condition, or injured Jane Doe during the examination. Plaintiffs instead contend that the Defendants lacked the legal right to examine Jane Doe because her mother did not consent to the examination and they did not obtain a court

order permitting them to perform the examination in the absence of consent.  Plaintiffs

contend that this examination was performed in concert with a law enforcement officer,

under color of state law, violating the Plaintiffs' Constitutional rights.  Plaintiffs

alternatively assert that if the action did sound in medical malpractice no expert

testimony would be required to establish a prima facie case.

This Court concludes that, even if viewed in the medical malpractice context,

Plaintiffs' claim is one of medical battery for which no expert affidavit is required.

Medical battery consists of "an unpermitted touching, in the form of a medical procedure

or treatment."  *Kohoutek v. Hafner*, 383 N.W.2d 295, 299 (Minn. 1986).  In *Kohoutek*,

the Minnesota Supreme Court differentiated between medical battery claims, which

allege the nondisclosure of a procedure, and claims of negligent nondisclosure, which are

based on the failure to disclose the risks of a particular procedure.  383 N.W.2d at 299-

300.  The court stated the following regarding medical battery claims:

> In battery, the focus is on the patient's right to be free from a
> touching that is of a substantially different nature and character from
> that to which he or she has consented.  Thus, the physician sued in a
> battery case has very few defenses. . . .  In battery cases, no expert
> testimony need be adduced, for the question is whether the
> physician, in fact, told the patient of the nature and character of the
> procedure and the patient consented to that procedure.

*Id.* at 299.

It is possible for a claim of medical battery to sound in medical malpractice.  For

instance, in *Haile v. Sutherland*, the court determined that Haile's medical battery claim

was a medical malpractice claim because expert testimony was required to enable the fact

finder to determine whether Haile's consent to the removal of a "left chest lipomatous

mass" permitted the procedure performed on her.  598 N.W.2d at 428.  This, however, is not such a case.

At issue here is not whether an examination differed from the one to which the patient consented and to what degree.  Instead, Plaintiffs claim that the medical professional defendants involuntarily sedated Jane Doe and performed a gynecological and rectal examination upon her without any consent at all.[3]  This is also not a case involving "complex issues of science or technology" requiring expert testimony to permit the fact finder to determine causation or liability.  *Tousignant*, 615 N.W.2d at 58 (Minn. 2000); *Kohoutek,* 383 N.W.2d at 299 ("In a claim of battery, causation is easily proven.  It need only be shown that the medical procedure performed was substantially different than that to which the patient consented.").  Rather, this case presents issues well within the understanding of laypersons.

## CONCLUSION

The sole basis for the Defendants' motions to dismiss was the technical claim that the Plaintiffs failed to file an affidavit of expert review under Minnesota Statute section 145.682.   As the Court has determined such an affidavit is not required in this case, the Court denies the Defendants' motions.

---

[3]      The Complaint alleges that Jane Doe's mother had previously consented to a less invasive, external examination of her child; the parties agree, however, that a second internal examination was performed without her consent, and in fact she alleges that she was escorted against her will from HCMC by law enforcement when she protested the examination.

7

Accordingly, **IT IS HEREBY ORDERED** that:

1.       The Motion to Dismiss Defendants Tsai and Hogan (Doc. No. 32) is

**DENIED**.

2.       The Motion to Dismiss Defendants Hauser, Murphy, and Hennepin County

Medical Center (Doc. No. 41) is **DENIED**.


Dated:  November 17, 2008                    s/Donovan W. Frank
                                             DONOVAN W. FRANK
                                             Judge of United States District Court