## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Jane Doe for herself, and by and through her parent and natural guardian, Pauline Thomas; John Doe for himself, and by and through Nickole Thomas, his parent and natural guardian, Pauline Thomas, for herself; and Nickole Thomas for herself, | Civil No. 08-1198 (DWF/AJB) |
| Plaintiffs, | |
| v. | **ORDER AND MEMORANDUM** |
| Dr. Al Tsai, M.D., in his individual capacity; Sherrie Murphy, R.N. in her individual capacity; Sgt. Chris Pickhardt, in his individual capacity; Laura Hauser, in her individual capacity; Marjorie Hogan, M.D., in her individual capacity; Hennepin County Medical Center; and William Minor, R.N., | |
| Defendants. | |

Jill Clark, Esq., Jill Clark, LLC, counsel for Plaintiffs.

Barbara A. Zurek, Esq., Katherine A. McBride, Esq., and Amy L. Maddox, Esq., Meagher & Geer, PLLP, counsel for Defendants Dr. Al Tsai and Dr. Marjorie Hogan.

Michael B. Miller, Assistant Hennepin County Attorney, Hennepin County Attorney's Office, counsel for Defendants Sherri Murphy, R.N., Laura Hauser, Hennepin County Medical Center, and William Minor, R.N.

Sara J. Lathrop and Tracey N. Fussy, Assistant City Attorneys, Minneapolis City Attorney's Office, counsel for Defendant Sgt. Chris Pickhardt.

This matter is before the Court on Defendants' Joint Motion for Sanctions pursuant

to Federal Rules of Civil Procedure Rule 11 (Doc. No. 411) which was filed on February 14, 2012, and has been pending since that time. On April 2, 2012, the Court denied Plaintiffs' Motion to Vacate Judgment pursuant to Rule 60 (Doc. No. 417). The Court directed Plaintiffs' counsel to file a written response to Defendants' Joint Motion for Sanctions by April 12, 2012. (Doc. No. 417 at 2.)

Based upon the current status of the case, including its procedural history detailed below, as well as Defendants' Joint Motion for Sanctions, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1.      Defendants' Joint Motion for Sanctions pursuant to Federal Rules of Civil Procedure 11 (Doc. No. 411) is hereby **GRANTED**. The Defendants are awarded their reasonable attorney fees and costs incurred in responding to Plaintiffs' Motion to Vacate Judgment Pursuant to Rule 60. Jill Clark shall pay the attorney fees incurred by the Defendants in responding to the motion that was denied as set forth in the Court's April 2, 2012 Order. Defendants' counsel is respectfully directed to submit affidavits setting forth their reasonable attorney fees and costs incurred in responding to both the Motion to Vacate Judgment and to correspondence from Jill Clark with the Court since the filing of the February 14, 2012 Joint Motion for Sanctions.

2.      Jill Clark is prohibited from filing any additional motions in the above-entitled matter without seeking permission of the Court by way of a letter request that shall not be greater than three pages in length. Any such letter request shall be

copied to counsel for each Defendant. No attachments to the letter will be permitted by the Court.

    3.    The attached memorandum is made a part hereof.

Dated: September 25, 2012        s/Donovan W. Frank
                                            DONOVAN W. FRANK
                                            United States District Judge

## MEMORANDUM

The Federal Rules of Civil Procedure clearly require the Court to take the action that it has. The Federal Rules of Civil Procedure should be construed to secure the just, speedy, and inexpensive determination of issues before the Court. In this instance, the interests of justice and fairness require no less. Such is the situation in which the Court finds itself.

As the Court has noted in the past,[1] this case has a very unfortunate procedural history. On June 23, 2010, some 21 months ago, this Court entered judgment in favor of all Defendants. (Doc. No. 344.) On August 3, 2011, the Eighth Circuit Court of Appeals affirmed the Court's decision. (Doc. No. 400.) On September 30, 2011, the Eighth Circuit Court of Appeals denied Plaintiffs' motion for rehearing *en banc*. (Doc. No. 401.) Then, on October 21, 2011, the Eighth Circuit Court of Appeals issued its formal mandate, pursuant to Federal Rule of Civil Procedure 41(a). (Doc. No. 402.) On

---

    [1]    April 2, 2012 Order (Doc. No. 417).

October 24, 2011, Defendants were each awarded their taxable costs for the appeal by the Eighth Circuit Court of Appeals.

On January 16, 2012, Plaintiffs filed a motion to vacate the June 13, 2010 judgment, alleging "[n]ewly discovered evidence"; "[f]raud, misrepresentation, or misconduct by an opposing party"; "[a]ny other reason that justifies relief; and/or fraud on the Court (see Rule 60(d))."  (Doc. No. 406.)  The document further states:  "This motion will be made upon all of the files, affidavits, and oral argument herein."  (*Id.*)

As noted in the Court's April 2, 2012 Order, the Defendants filed a Joint Motion for Sanctions Pursuant to Federal Rules of Civil Procedure Rule 11 on February 14, 2012.  (Doc. No. 411.)  On February 17, 2012, the Court received a letter from Jill Clark's legal assistant at the time, indicating that Ms. Clark was out on medical leave as of January 25, 2012, and the letter itself acknowledged that a number of volunteers had stepped in to assist in obtaining a continuance of the briefing deadlines for Plaintiffs' motions before this Court and other courts.  At that time, Ms. Clark had been given permission by medical professionals to work up to 20 hours per week.  The Court filed an Order on April 2, 2012, in which it observed that, in addition to the three cases in which Ms. Clark had filed various pleadings in state court on February 17, 2012, Ms. Clark filed a complaint on behalf of Julie Delgado-O'Neil with the United States District Court for the District of Minnesota, Civil No. 12-422 (MJD/JJK) at Doc. No. 1.  In addition, a five-page affidavit, along with 40 exhibits attached to the affidavit, was filed in the same case on March 2, 2012.  (Civil No. 12-422 (MJD/JJK) at Doc. No. 5.)

Defendants have asserted from the inception of Plaintiffs' Motion to Vacate Judgment that, in addition to being untimely, it was frivolous. In so asserting, they have alleged that Plaintiffs' motion was brought 19 months after the Court entered judgment. In the Court's April 2, 2012 Order, the Court observed that, given the apparent ability of Ms. Clark to selectively, or otherwise, work on some cases, but not others, without any explanation to the Court or counsel–at least as far as this Court is aware–the interests of justice and the Federal Rules of Civil Procedure required this Court to bring this case to a close. The same rules and the interests of justice require this Court to rule on the Joint Motion for Sanctions, as it has in this Order.

As of this date, the unfortunate procedural history of this case has continued, but yet the Court still has not received any medical documentation from any source. On July 10, 2012, the United States District Court for the District of Minnesota, by way of the Clerk of Court, received a request, with no name attached to it, from "Temporary Manager, Jill Clark, LLC (temp.manager@jillclarkllc.com)" requesting a reasonable accommodation for medical reasons. The request was unsigned, with no individual identified, and there was no accompanying medical documentation to support the request. However, the request for a reasonable accommodation did offer to provide additional medical information, if requested. In this Court's August 8, 2012 Order, the Court respectfully directed that Ms. Clark, or someone on her behalf, submit to the Court medical documentation from the appropriate medical professionals outlining her current status, including, but not limited to, whether a physician had authorized her to remain

working a specified number of hours a week, whether at home or at the office, as well as her current status as it related to any additional requests for accommodation since the 30-day accommodation that she had requested expired on or about August 12, 2012. The Court, in the same Order, delayed ruling on the Joint Motion for Sanctions, over the objection of counsel for the Defendants, pending receipt of medical documentation from Ms. Clark or someone on her behalf.

On August 10, 2012, at 8:25 p.m., Ms. Clark sent a "Notice of Removal" (potential new case) to newcases@mnd.uscourts.gov without payment or IFP, according to the Clerk of Court's Office. On August 13, 2012, the Clerk of Court's Office forwarded Ms. Clark's e-mail/potential new case to the Honorable John R. Tunheim to see if Ms. Clark would be enjoined from filing the new case due to an order that Judge Tunheim had entered in Civil No. 12-1373 (JRT/AJB). (Civil No. 12-1373 (JRT/AJB), Doc. No. 18.)[2] On August 14, 2012, according to the Clerk of Court's Office, Judge Tunheim's chambers informed the Clerk of Court's Office that Ms. Clark was not enjoined from filing new cases since that restriction did not fall within the scope of his

---

[2] Judge John R. Tunheim entered an Order on August 2, 2012, prohibiting Jill Clark, Jill Clark, LLC, and Jill Clark, P.A. from "filing any new lawsuits and any pleadings or other papers in the District of Minnesota concerning the state attorney disciplinary proceedings against Jill Clark without obtaining prior written approval from a United States District Court Judge or United States Magistrate Judge in the District of Minnesota." (Civil No. 12-1373 (JRT/AJB), Doc. No. 18 at 5.) On August 14, 2012, Ms. Clark filed a notice of appeal to the Eighth Circuit Court of Appeals. On September 6, 2012, a motion of appellee for a summary dismissal of the appeal was granted by the Eighth Circuit Court of Appeals.

order. Pursuant to Local Rule 4.2(c), a new case is not assigned and opened until a filing fee has been paid or unless an IFP is filed in lieu of the filing fee. The Clerk of Court left Ms. Clark a voice mail, informing her that she was not enjoined from filing a new case, but that the Clerk of Court's Office would need the filing fee or an IFP before the case was opened and assigned as a new civil case. The Clerk of Court also sent an e-mail to Ms. Clark informing her that she was not enjoined from filing a new case, but that a filing fee or IFP was required.

On August 15, 2012, this Court's chambers received an e-mail stating the following:

> Your Honor,
>
> This is just a note to state that although the initial restrictions expired, and it appeared things were ok, I began to experience some extreme symptoms on the 12th, and have not yet been able to connect with my doctor to address this new development. I am not suggesting that you wait any longer in issuing the order, I am merely stating that I will take the opportunity to provide additional information to the Clerk's Office should it become available. I thank you and counsel for your patients [sic].
>
> Jill Clark

On August 27, 2012, the Clerk of Court's Office sent another e-mail to Ms. Clark regarding the necessity of a filing fee or IFP. On August 29, 2012, Ms. Clark sent an e-mail in response and the Clerk of Court's Office sent an e-mail asking that she reread the August 27th e-mail relating to a filing fee or IFP application. There were additional contacts with the Clerk of Court's Office on August 31, 2012, and then, on September 3,

2012, Ms. Clark sent in a different potential new case entitled *Clark v. Ritchie* and, as of September 6, 2012, that was the last correspondence that the Clerk of Court's Office had with Ms. Clark.

On September 18, 2012, at 8:25 p.m., an e-mail by Ms. Clark was sent via an iPhone seeking an *ex parte* temporary restraining order related to enjoining individuals from monitoring, intercepting, or interfering with electronics owned or being utilized by Ms. Clark, including clients. The Court received a second e-mail sent from an iPhone at 9:15 p.m. on September 18th, relating to the same request for a temporary restraining order, although no complaint had been filed with the court and the matter had not been assigned to any judge, including the undersigned, pursuant to the United States District Court for the District of Minnesota's Case Assignment Plan. Again, on September 18, 2012, at 9:49 a.m., the Court received in its chambers e-mail box, a third e-mail relating to the same request for a temporary restraining order sent from an iPhone purportedly from Ms. Clark. The content of the September 18, 2012 e-mail, signed by Ms. Clark states, in part: "(Clark has literally been living out of town based on what she views as legitimate fears for her safety, livlihood [sic] and well being)." Unfortunately, and some would say sadly, the content of the e-mail underscores the Court's concerns for Ms. Clark's well being.

Further, on September 20, 2012, at 9:14 a.m., again purportedly sent from an iPhone and signed by Ms. Clark, an e-mail was sent to the Court's chambers e-mail box and to United States District Court for the Northern District of Iowa, United States

District Judge Mark W. Bennett's chambers e-mail box. On September 20th, at 9:39 a.m., the Court received a second e-mail from an iPhone that was also addressed to Judge Bennett's chambers e-mail box requesting the temporary restraining order and suggesting that the September 18th e-mails that were sent "to district court judges. . . . It appears someone is attempting to interfere with federal judges in the performance of their duties."  The Court also received additional e-mails to its chambers e-mail box on September 23 and 24, 2012.

This Court will repeat something it said back in its April 2, 2012 Order:

> This Court has always been of the view, whether by working with a lawyer or someone on his or her behalf, an organization like Lawyers Concerned for Lawyers, or medical professionals, that to serve the best interests of the profession, an individual lawyer, and to promote confidence in the justice system, the Court should extend a caring hand to those individuals who appear before it.

However, in light of the extraordinary facts and circumstances in the record and the very unfortunate procedural history outlining the contacts that Ms. Clark has had with this Court and other chambers in the District of Minnesota, Rule 1 of the Federal Rules of Civil Procedure compels the result in this case. The public interest, the interests of justice, and, frankly, from the Court's point of view, the best interests of Ms. Clark, obligate this Court to enter the Order that it has.

D.W.F.